IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**RICKY BOOTH, JR.,**

    **Plaintiff,**

v.                                 Civil Action Number: 1:25-cv-00509

**CORRECTIONAL OFFICER LT. JACKSON,**
**SGT. HATFIELD, CO BROWN, CO EDWARDS,**
**and CORRECTIONAL OFFICER JOHN/JANE DOE(S)**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Ricky Booth, Jr., by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff, Ricky Booth (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia. At the time of the incidents described herein, Plaintiff was incarcerated at Stevens Correctional Center (hereinafter "SCC") which is operated by the McDowell County Commission (hereinafter "MCC").

2. Stevens Correctional Center is a correctional institution funded, in whole or part, by the State of West Virginia.

3. Defendants LT. Jackson, Sgt. Hatfield, CO Brown and CO Edwards were employees of the McDowell County Commission (hereinafter MCC). MCC contracted with the WVDCR to provide correctional services. All Defendants are being sued in their individual capacities.

4. Defendants John/Jane Does were correctional officers employed by MCC. By policy, these Defendants were responsible for carrying out their duties in a manner to provide for the safety and security of inmates. Defendants Hatfield, Brown Edwards and John/Jane Does

carried out the acts described herein at the direction of and under the supervision of Defendant Jackson.  Defendants Hatfield, Brown, Edwards and Jane/John Does at the direction of Jackson handcuffed plaintiff behind his back, forced him to the ground, pulled his pants and boxer shorts off and cut his shirt off his body.  Plaintiff's shoulder was cut during this process.   Defendants LT. Jackson, Sgt. Hatfield, CO Brown and CO Edwards and John Does' conduct was reckless, outrageous and/or deliberately indifferent to the well-being and safety of plaintiff and rises to the level of excessive and unlawful use of force.  Plaintiff also suffered other serious injuries to his body when the defendants used unnecessary and excessive force on Mr. Booth.  The defendants struck, punched and kicked plaintiff multiple times.

5. The willful and intentional acts and omissions of the defendants directly resulted in plaintiff being sexually harassed and physically abused on multiple occasions over a period of days.  Plaintiff affirmatively states that he has exhausted all administrative remedies including the filing of a PREA complaint.  Plaintiff further asserts that he is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.

6. All events and occurrences alleged herein occurred in the State of West Virginia.

## ADDITIONAL FACTS

7. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 6 as if set forth herein.

8. At all times relevant herein, Plaintiff was an inmate at SCC.

9. As an inmate, Plaintiff lived under the authority and supervision of the Defendants who are being sued in their individual capacities.

10. During Plaintiff's incarceration, defendants subjected Plaintiff to inappropriate

verbal and physical abuse.

11.　　On or about September 1, 2023, plaintiff was subjected to inappropriate strip of clothing, physical abuse and physical beatings. Much of this conduct was captured on handheld cameras.

12.　　The individual defendants and Correctional Officer Does knew that the directions orders of Jackson were inappropriate and that the orders and their conduct violated plaintiff's 8th Amendment Constitutional rights to be free from such abuse.

13.　　The Defendants in violation of West Virginia Division of Corrections and Rehabilitation Policies failed to take any meaningful steps to prevent, stop or intervene on plaintiff's behalf. Pursuant to WVDCR Policy Directives 403.00 and 430.00 there is zero tolerance for any acts of sexual abuse, misconduct or harassment between inmates and employees.

14.　　Defendants Sgt. Hatfield, CO Brown and CO Edwards and Does, failed to intervene and protect Plaintiff from the wrongful and abusive orders and directives of Defendant Jackson. Despite said knowledge, the individual COs took no action to intervene, stop or respond to the inappropriate conduct, and/or report said conduct.

15.　　Defendants' actions have caused Plaintiff severe physical, emotional and mental injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights

## COUNT I - OUTRAGEOUS CONDUCT

16.　　Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 15 as if set forth herein.

17.　　Defendants Sgt. Hatfield, CO Brown and CO Edwards and John/Jane Does' carrying out of Defendant Jackson's wrongful orders and wrongful conduct is malicious and

outrageous. Jackson's wrongful orders to physically assault, strip and abuse plaintiff was malicious and outrageous. The willful and intentional failure to stop, report, investigate, act and intervene is outrageous and unconscionable conduct. The malicious, willful and intentional conduct occurred despite the knowledge that severe emotional distress and physical injury was certain to occur.

18. Defendants' conduct of subjecting Plaintiff to inappropriate physical contact constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

19. Defendant Jackson's wrongful orders and Sgt. Hatfield, CO Brown, CO Edwards and Does' conduct and/or failure to act and prevent the wrongful conduct constitutes extreme and outrageous behavior and has resulted in plaintiff suffering severe emotional distress. The Defendants' outrageous conduct resulted in Plaintiff suffering severe emotional distress and injury. Plaintiff also suffered severe physical injury, mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights. Plaintiff is entitled to compensatory and punitive damages as a result of their conduct.

## COUNT II – BATTERY BY DEFENDANTS LT. JACKSON, SGT. HATFIELD, CO BROWN AND CO EDWARDS AND JOHN DOES

20. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 19 as if set for herein.

21. Defendants' conduct of subjecting Plaintiff to a physical beating and physical removal of his clothes, constitutes battery and was reckless and/or malicious.

22. Defendants' battery of Plaintiff caused Plaintiff to suffer severe emotional distress. By allowing the battery to occur, Defendants violated Policy Directives that are in place to protect

inmates from harm.

23. Defendants' conduct of subjecting Plaintiff to inappropriate physical beating and sexual contact constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights. Plaintiff is entitled to compensatory and punitive damages as a result of defendants' conduct.

### COUNT III- VIOLATION OF 42 USC §1983 BY DEFENDANTS LT. JACKSON, SGT. HATFIELD, CO BROWN, CO EDWARDS AND JOHN DOE(S) – EXCESSIVE FORCE

24. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 23 as if set forth herein.

25. Defendants LT. Jackson, Sgt. Hatfield, CO Brown, CO Edwards and John Does' conduct of subjecting Plaintiff to inappropriate physical beating and verbal abuse was done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendants knew that severe physical injury and emotional distress was certain, or substantially certain, to result from their inappropriate harassment and beating of Plaintiff. Defendants' conduct was completely inappropriate and is cruel and unusual punishment.

26. Defendants' sexual misconduct, removal of his clothes and harassment of Plaintiff was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted, illegal, and amounts to cruel and unusual punishment. Defendants received substantial training on 8th Amendment rights and what constitutes a violation and were aware that such conduct was unconstitutional.

27. The conduct of the Defendants was so egregious and outrageous, so as to constitute

an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law. Defendants would also have known that their conduct violated plaintiff's constitutional rights as a result of legal precedent and their training.

28. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

### COUNT IV -DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

29. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 28 as if set forth herein.

30. Defendants Sgt. Hatfield, CO Brown, CO Edwards and John Does were at all times herein acting under the color of state law and are being sued in their individual capacity.

31. Defendants acted with deliberate indifference when they participated in the beating and allowed plaintiff to be abused and beaten without intervening. Defendants were present when they heard, received and/or followed orders from Jackson. Defendants knew that the abuse presented a risk of serious emotional and physical injury to Plaintiff. This conduct is a violation of 42 USC § 1983.

32. Defendants acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when Defendant Jackson ordered the wrongful conduct. Moreover, the Defendants would have known through training and legal precedent that their

conduct (deliberate indifference to excessive force), was a violation of plaintiff's constitutional rights under the Eighth Amendment. Defendants had knowledge of the dangerous condition created by Defendant Jackson, as well as an opportunity to act and prevent plaintiff from being harmed.

33. Defendants' conduct is a failure-to-protect as well as excessive force. Their conduct satisfies the two prongs of the legal standard established by Federal Courts. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted). The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Specifically, deliberate indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634. All defendants participated in the excessive force and had actual knowledge of the wrongful conduct but failed to stop the illegal conduct.

34. Plaintiff suffered a serious physical and significant emotional injury as a result of the conduct of the Defendants. Defendants participated in the beatings or were deliberately indifferent to Plaintiff's health and safety when they failed to intervene and stop the physical abuse.

35. The acts and omissions of Defendants as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against the Defendants. Defendants through their training and legal precedent knew that they had a duty to protect plaintiff from harm. Defendants were aware of the misconduct and were in a position

to intervene but failed to do so.

36.  As a direct and proximate result of the deliberate indifference of Defendants toward plaintiff, plaintiff incurred severe emotional injury, pain and suffering and severe emotional distress. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

37.  The actions of Defendants were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff requests such other and further relief as this Honorable Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

RICKY BOOTH, JR.
By Counsel,

/s/ Paul Stroebel_____
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329
(304) 346-0197